IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL RAY HIGGINS                                                         PLAINTIFF

v.                                    4:15-CV-00770-JM-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Michael Higgins, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty-four years old at the time of the administrative hearing. (Tr. 33) He earned a bachelor of science degree in emergency management. (*Id.*) He has a strong work history and has past relevant work as a security supervisor, security manager, safety manager, human resource and benefits manager, and as a director information management. (Tr. 17-18, 132-33)

Plaintiff alleges he is disabled due to a back impairment. (Tr. 33) The ALJ[1] found Mr. Higgins had not engaged in substantial gainful activity since May 24, 2013, the alleged onset date. (Tr. 11) He has a "severe" impairment in the form of degenerative disc disease of the lumbar spine status post fusion at L4-5 with chronic low back pain. (*Id.*) The ALJ further found Mr. Higgins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 13)

The ALJ determined Mr. Higgins had the residual functional capacity to perform a reduced range of light work. (*Id.*) With the aid of a vocational expert, the ALJ determined Mr. Higgins could perform his past work. (Doc. No. 17-18) Accordingly, the ALJ determined Mr. Higgins was not disabled. (Tr. 18)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1)

In support of his Complaint, Plaintiff raises several arguments. He believes the ALJ failed

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

to develop the record by not requesting additional information from Plaintiff's surgeon and by not ordering additional consultative examinations to assess his physical limitations. (Doc. No. 7) Plaintiff also argues the ALJ failed to properly consider the evidence, erred with his credibility analysis, failed to give proper weight to his treating doctor, and incorrectly determined he has the residual functional capacity to perform a reduced range of light work. (*Id.*)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, while Plaintiff's doctors were in disagreement, the record was sufficient upon which to make an informed decision.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The crux of this case is whether the ALJ properly relied on the medical evidence from B. Christopher Myer, M.D., Plaintiff's surgeon, over the report of his treating doctor, Andrew Monfee, M.D. Drs. Myer and Monfee both completed physical residual functional capacity questionnaires. Dr. Monfee concluded that Plaintiff was very limited and, essentially, disabled. (Tr. 227-232) Dr. Myer, however, concluded Plaintiff was capable of performing light work activities. (Tr. 264-69) The ALJ gave some weight to both physicians, but clearly concluded Dr. Myer's opinion was more heavily supported by the evidence of record. The ALJ was specifically referring to Dr. Myer's notes when he stated Plaintiff had reported "walking five miles per day so the limitations on walking are not supported by the record." (Tr. 16, 213) The ALJ also noted that

Plaintiff's back surgery appeared to be successful and his prognosis was good. (*Id.*) Dr. Myer's treatment notes reveal he did not believe Mr. Higgins was disabled. However, he reported "Mr. Higgins informed us that he wishes to apply for disability, as he feels he is not able to do much of the therapy that he would like. At the end of the day he feels too tired and sore to go to the gym." (Tr. 212) Dr. Myer encouraged Plaintiff to continue with a walking program but noted, "Mr. Higgins has a strong opinion about this and asked us to fill out the paperwork." (*Id.*) Dr. Myer's notes say, "I told him that we would do so honestly." (*Id.*) In "honestly" completing the physical residual functional capacity questionnaire, Dr. Myer assessed Plaintiff was capable of performing light work. (Tr. 264-69)

Nevertheless, Dr. Monfee treated Mr. Higgins post-surgery and assessed that Plaintiff was extremely limited. (Tr. 227-32) Dr. Monfee's treatment notes also report much more limitation than did Dr. Myer. (Tr. 222-226, 238-243, 247-252)

I note that Dr. Monfee treated Plaintiff for a longer period of time. "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. § 416.927(d)(2)(i) (2006). However, the ALJ has the duty to resolve conflicting medical evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). As the Eighth Circuit has re-iterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir.2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

While Plaintiff has certainly offered evidence supporting disability, credibility determinations and the weight given to evidence are the prerogatives of the fact finding ALJ, within broad limits. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

There is no question that Mr. Higgins suffers from some degree of pain and limitation. But it is difficult to look past the fact that Mr. Higgins was capable of walking five miles per day while at the same time claiming complete disability. So the ALJ rightly concluded that he was not precluded from all forms of work activities.

Plaintiff also disagrees with the ALJ's credibility assessment. The credibility assessment plays a significant role in the residual functional capacity assessment.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p. (Tr. 13) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 13-17) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard.

*Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's credibility determination.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 23rd day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE